**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

DIANE DAVIS, on behalf of herself and all others similarly situated,

Plaintiff,

v.

GULF STATE CREDIT, L.L.C.,

Defendant.

Civil No. 00-798 (JRT/FLN)

**ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE**

---

Thomas J. Lyons, Jr., CONSUMER JUSTICE CENTER, 1560 Beam Avenue, Suite A, St. Paul, MN, 55109, for plaintiff.

James F. Roegge and Alana K. Bassin, MEAGHER & GEER, 4200 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN, 55402, for defendant.

This matter is before the Court on plaintiff's appeal from Chief United States Magistrate Judge Franklin L. Noel's Order dated May 25, 2000 denying plaintiff's motion to strike defendant's Rule 68 Offer of Judgment. An order of a Magistrate Judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.1(b)(2). The Court has reviewed plaintiff's submissions and the files, records and proceedings with respect to the Magistrate Judge's Order from which plaintiff appeals. Based on this review, the Court finds nothing in the record that suggests the Order is clearly erroneous or contrary to law.

NOV 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

## ANALYSIS

Plaintiff argues that defendant's Rule 68 Offer of Judgment[1] should be stricken from the record because, as a potential class representative, an inherent conflict exists between her personal interest and the interests of putative class members. Plaintiff relies on *Gay v. Waiters' & Dairy Lunchmen's Union, Local #30*, 86 F.R.D. 502 (N.D. Cal. 1980), and *Janikowski v. Lynch Ford, Inc.*, No. 98-C8111, 1999 WL 608714 (N.D. Ill. Aug. 5, 1999), in support of this argument. Both cases, however, are distinguishable from the case at bar. In *Gay,* a class had been certified at the time the Rule 68 offer was made, *see* 86 F.R.D. at 502-03, and in *Janikowski,* a motion for class certification was pending "during the ten days allotted by Rule 68 for acceptance or denial of the offer." 1999 WL 608714, at *2. In this case, plaintiff's conflict of interest is speculative at best. Despite the fact plaintiff styled her complaint as a class action, a class has not been certified nor has a motion for class certification been filed with the Court. Consequently, the Court finds nothing suggesting that the Magistrate Judge's Order denying plaintiff's motion to strike defendant's Rule 68 Offer of Judgment is clearly erroneous or contrary to law.

---

[1] Fed. R. Civ. P. 68 provides, in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . . An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. . . .

**ORDER**

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Order of the Magistrate Judge [Docket No. 11] is **AFFIRMED.**

DATED: November 22, 2000
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge